C. W. DERBY AND IDA H. DERBY, PLAINTIFFS IN ERROR, v. PETER WEYRICH, DEFENDANT IN ERROR.

**Exempt Property.** Property which is exempt by law from liability for the owner's debts is not susceptible of a fraudulent alienation.

ERROR from the district court for Butler county. The facts appear in the opinion.

*E. R. Dean*, for plaintiff in error, cited Bump on Fraudulent Conveyances, 242. *Monroe v. May*, 9 Kan., 466. *Robb v. McBride*, 28 Iowa, 386. *Cook v. Blaine*, 37 Ala., 350. *Brewer v. Granger*, 45 Ala., 580. *Morris v. Tennent*, 56 Ga., 577. *Fogg v. Fogg*, 40 N. H., 285.

*Whitmoyer, Gerrard & Post*, for defendant in error, cited *Bowker v. Collins*, 4 Neb., 494. *State Bank v. Carson*, Id., 498. *Charles v. Lambertson*, 1 Iowa, 439. *Christy v. Dyer*, 14 Iowa, 438. *Elston v. Robinson*, 23 Iowa, 208.

COBB, J.

The defendant in error brought an action in the nature of a creditor's bill against the plaintiffs in error. In his petition he alleges that in March, 1877, Weyrich & Company, of which he is the sole member, recovered judgment against C. W. Derby in the county court of Butler county, for $231.76, with costs of suit and attorneys' fees. That on the sixth day of April following execution issued—was returned: "No property found." That afterward a transcript of said judgment was filed in the office of the clerk of the district court of said county, and the case docketed in said office August 13, 1877. That on the seventeenth day

of said month an execution was issued on said judgment out of said clerk's office to the sheriff of said county, and afterwards also returned—"No property found." That the said C. W. Derby is now and has, ever since the date of said judgment, been insolvent. That said judgment remains wholly unsatisfied. That on the ninth day of April, 1877, the defendant, C. W. Derby, purchased from W. B. Rochon a certain eighty acre tract of land situated in said county, and caused the deed of conveyance to be made in the name of Ida H. Derby, his wife and co-defendant, who now holds the apparent title to the same. That the said deed was made to the said Ida without consideration, but the consideration was wholly paid by the said C. W. Derby, and was so made to the said Ida H. for the purpose of wronging and defrauding the said petitioners, etc., with prayer that said real estate might be decreed to be subject to the said judgment, etc. The defendants answered, denying that the deed mentioned in the petition was made to the defendant, Ida H., without consideration or for the purpose of defrauding the said plaintiff, etc.; and alleging "that the consideration paid by the said C. W. Derby for the land described, etc., consisted wholly and entirely of property that could not be sold on execution to pay the debts of the said C. W. Derby. That all of said property was exempt from seizure and sale for the satisfaction of the said C. W. Derby's debts, or any part thereof, and that the said lands described in the plaintiff's petition was purchased for the express purpose of making the same a homestead for the said C. W. Derby and his family, and that the same is all the land that the said C. W. Derby and Ida H. Derby, or either of them, owned or had at that time, or have since owned or now own."

To this answer the plaintiff put in a general demur-

rer, which was sustained by the court, and the defendants refusing to plead further, their default was entered, and, after an *ex parte* trial, judgment was entered for the plaintiff, in accordance with the prayer of his petition. From this judgment the defendants bring the cause to this court by petition in error.

By his demurrer the defendant in error admits that the consideration paid by C. W. Derby for the land consisted wholly and entirely of property that could not be sold on execution to pay the debts of the said C. W. Derby, and that all of said property was exempt from seizure and sale for the satisfaction of the said C. W. Derby's debts. This exempt property being traded by C. W. Derby to Rochon for the land, and the title to the land taken in the name of Ida H. Derby, leaves the situation of the parties, in respect to the transaction, about the same as though C. W. Derby had transferred the exempt property to Ida H. Derby without any consideration, he being at the time indebted to the defendant in error and insolvent. In such case would a court of equity follow the property into the hands of C. W. Derby's grantee and subject it to the payment of his debts, which it was not subject to while in his hands?

Story says: "The English doctrine upon this subject, after various discussions, has at length settled down in favor of the former proposition, namely, that in order to make a voluntary conveyance void as to creditors, either existing or subsequent, it is indispensable that it should transfer property which would be liable to be taken in execution for the payment of debts. The reasoning by which this doctrine is established is, in substance, that the statute of 13th Elizabeth did not intend to enlarge the remedies of creditors, or to subject any property to execution which was not already in law or equity subject to the rights of credi-

Derby v. Weyrich.

tors. That a voluntary conveyance of property not so subject could not be injurious to the creditors, nor within the purview of the statute, because it would not withdraw any fund from their power which the law had not already withdrawn from it. And that would be a strange anomaly to declare that to be a fraud upon creditors which in no respect varied their rights or remedies. Hence it has been decided that a voluntary settlement of stocks, or of choses in action, or of copyhold, or of any other property not liable to execution, is good, whatever may be the state and condition of the party as to debts." Story's Equity, § 367. See English authorities there cited.

Bump, in his work on Fraudulent Conveyances, says: "Property which is exempt by a positive statute from liability for the owner's debts is not susceptible of a fraudulent alienation, and consequently is not within the statute. The creditors cannot be said to be creditors as to that particular property so as to make a transfer of it matter of concern to them. The debtor as to that property may be considered as without creditors, and he has the right to dispose of it as though he had no creditors. He may sell it and purchase another piece of property with the proceeds and have the latter conveyed to his wife." Bump on Fraudulent Conveyances, 242, and see numerous cases there cited.

The right of the defendant in error to have the land sold and applied to the payment of his debt, if he have any, must be founded upon his right to the fund with which it was purchased. As he had no right to the fund, it having been placed beyond his reach by the law, he has no right to disturb the possession of the land in the hands of Ida H. Derby.

The above views rendering it necessary that the judgment of the district court sustaining the demurrer

14

be reversed, it is not deemed necessary to examine the other question raised and discussed in the brief of counsel.

REVERSED AND REMANDED.