## MARTIN C. BLOEDORN v. FRED JEWELL.

### [FILED MAY 18, 1892.]

34   649
61   65
61   702

1. **Exemptions:** FRAUDULENT CONVEYANCES.  It is the settled law of this state that exempt property is not the subject of fraudulent sale, and that the vendee of such property takes the same free from the claims of the creditors of the vendor.

2. **Review.**  *Held*, That the charge of the court fairly submitted to the jury all questions of fact in the case, and that the verdict is supported by the evidence.

ERROR to the district court for Platte county. Tried below before POST, J.

*McAllister & Cornelius,* for plaintiff in error.

*Sullivan & Reeder,* and *G. G. Bowman, contra.*

NORVAL, J.

This is a suit in replevin, brought by Fred Jewell to recover possession of a team of horses, harness, and wagon. The trial resulted in a verdict and judgment for the plaintiff below.

Objection is made that the verdict is not sustained by sufficient evidence, and is contrary to law. On the 1st day of April, 1889, the plaintiff in error, as sheriff of Platte county, took the property under an execution issued out of the district court of said county upon a judgment in favor of one George H. Stevenson and against L. H. Gerard and one L. H. Jewell, a brother of the plaintiff below. The property at the time of such levy belonged to L. H. Jewell. Subsequently, on April 19th, the property was released from the levy and the writ returned by order of the plaintiff in execution. On the same day another execution was issued out of said court, and placed in the hands of the sheriff, who levied the same on the next day upon the property in controversy. Afterwards this action was instituted. The defendant in error claims title to the property by purchase from his brother, L. H. Jewell, while the sheriff claims the right of possession by virtue of the levy of the execution last aforesaid.

Two questions are raised, which we will briefly notice: First, Was the property transferred for the purpose of preventing its being sold to satisfy the judgment against L. H. Jewell? and second, Was the property exempt from levy and sale on execution while owned by him?

The answer to the first question must be in the affirma-

tive.   It is uncontradicted that after the return of the first
execution, and prior to the levy of the second, L. H. Jewell
transferred the team, harness, and wagon to Fred Jewell,
receiving in payment therefor the promissory note of the
latter for $325, drawing eight per cent interest, and due in
one year from its date.   At and prior to the purchase, Fred
Jewell had full knowledge of his brother's indebtedness.
It also appears from the evidence that the bargain was
made while the first levy was in force, but by agreement of
the parties the trade was not to be completed until the
property was released from such levy.   So soon as that was
done, the note was given, and the property was turned over
to the defendant in error.   The transfer was made only an
hour before the levy of the second execution.   The trans-
action being between brothers, the burden was upon the
plaintiff below to establish that the purchase was made in
good faith and not for the purpose of defrauding the cred-
itors of the vendor.   This he failed to do.

As to the second question, we think the property was
exempt while owned by L. H. Jewell.   The record shows
that he was the head of a family and was engaged in the
business of agriculture.   He had no other occupation.   He
had sown that year about five acres to oats, was engaged in
baling hay and owned no other team, harness, or wagon.
Under the provisions of section 530 of the Code the prop-
erty was not liable to sale on execution for his debts.   Be-
ing exempt, it was not the subject of fraudulent alienation.
Such is the settled law of this state. (*Derby v. Weyrich,* 8
Neb., 174; *Boggs v. Thompson,* 13 Id., 403; *Gillespie v.
Brown & Ryan Bros.,* 16 Id., 457.)

It is contended that the defendant in error is estopped
from setting up title to the property in himself, as against
the sheriff.   It appears that at the time of the levy of the
first execution the officer left the property in the constructive
possession of Fred Jewell, who promised to be responsible
for the return of the same, when demanded.   At the time

the second execution was levied the sheriff took possession of the property and retained the same until taken from him under the writ of replevin. When this action was commenced the relation of bailor and bailee did not exist, so that the doctrine laid down in the books, to the effect that a bailee of property will not be permitted to assert title thereto in himself as against his bailor, has no application to the present case.

We observe no error in the rulings of the court during the progress of the trial. The testimony received, over the objection of the plaintiff in error, was pertinent and competent as tending to show that the sale of the property was made in good faith. We think, too, that the instructions fairly submitted to the jury all questions of fact, and that the verdict is sustained by the evidence. The judgment is

AFFIRMED.

MAXWELL, CH. J., concurs.

POST, J., did not sit.