Cowles v. Cowles.

---

EDWARD B. COWLES, APPELLEE, V. HARRIET COWLES, APPELLANT.

FILED MAY 23, 1911. No. 16,470.

1. **Trusts: DEVISE OF LANDS HELD IN TRUST.** Where one person buys real estate paying the purchase price thereof, and for convenience the title is taken in the name of another, the person so taking the title will hold the property in trust for the person paying the purchase price; and if the trustee, at the request of the owner, devises the property to another for the same purpose, the trust relation follows the property and the devisee also holds it in trust for such owner.

2. ———: ———: RELIEF IN EQUITY. Where the real estate thus conveyed is not the subject of fraudulent alienation, the fact that the title was taken in the name of another to avoid the payment of a judgment does not estop the owner from maintaining an action in equity to recover the title thereof.

3. **Evidence** examined, and found sufficient to sustain the judgment of the district court.

APPEAL from the district court for Jefferson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Wolfner, Healy & Young* and *Heasty, Barnes & Rain,* for appellant.

*C. H. Denney, contra.*

BARNES, J.

This action was commenced in the district court for Jefferson county by Edward B. Cowles, hereafter called the plaintiff, to obtain a decree declaring him to be the owner in fee of the west half of the northeast quarter and the east half of the northwest quarter of section 6, township 3, north of range 3 east, situated in said county, and quiet his title thereto. Service was had upon the defendant, who at that time was in Chicago, Illinois, and, owing to illness, she failed to appear in time and the plaintiff had a default decree. Thereafter she filed a petition to open the decree, which was sustained, and upon issues joined a trial of the case was had upon its merits, which reulted in a second decree for the plaintiff, and the defendant has appealed.

Appellant assigns three reasons for a reversal of the decree. First, because the plaintiff failed to establish any trust; second, the petitioner did not come into court with clean hands; third, the plaintiff has always recognized the title of the defendant, and hence there could be no adverse possession.

Upon reading the evidence we find that on the 7th day of May, 1872, plaintiff purchased the land in question by contract from the Burlington & Missouri River Railroad Company and paid one-tenth of the purchase price in cash; that he thereafter, from time to time, made the deferred payments, and therefore we find that plaintiff paid the full purchase price of the land. We further find that at the time of his purchase he took possession of the premises, and that such possesion has been continuous and uninterrupted to the present time; that he placed valuable improvements upon the land, including a dwelling house,

barn and other suitable buildings, and made it his home; that in 1873 he brought his father and mother from their former home in Michigan, and that they thereafter lived with him upon the premises as one family until the death of his father, which occurred shortly thereafter; that he also brought the other members of his family, including the defendant, and installed them in the family home, and that the farm in question was considered the home of the entire family, of which the plaintiff appears to have been the head. We further find that the plaintiff has paid all of the taxes assessed against the premises from the date of its purchase to the present time, and has paid for all of the improvements made thereon; that he has collected all of the rents and profits, out of which he has maintained the family, including the defendant, for a considerable portion of the time, and especially for two or three years while she was an invalid and unable to care for herself. We further find that at the time of the final payment to the railroad company the defendant assigned the contract of purchase to his mother, Helen H. Cowles, and requested the company to make a deed of the land to her. It appears that this was done in order to avoid the payment of a judgment, which had previously been rendered against the plaintiff, and which he claims to be unjust and invalid by reason of his having previously paid the debt upon which the judgment was founded; that thereafter, and at the plaintiff's request, his mother made a will devising the land in question to the defendant. The evidence shows without dispute that the defendant never claimed any interest in the land, but always recognized it as belonging to her brother, until about the time this action was commenced; that she told several persons, among whom was the plaintiff's wife, that she had no interest in the land; that it belonged to the plaintiff. This was before the plaintiff's marriage, and the defendant informed his prospective wife that as soon as the marriage took place she would deed the land to her. It is not claimed that the defendant ever had any pecuniary interest in the land, or that she

ever in any way contributed anything towards the purchase price thereof; that for some reason not disclosed by the record, the defendant, after the plaintiff's marriage, refused to make the deed which she had promised to execute, and, instead of carrying out her agreement, began to assert a claim of ownership thereof. The facts are not in dispute. The defendant offered no testimony to establish her alleged ownership, but relied upon her contentions as above stated.

In disposing of defendant's first contention, it is sufficient to say that the well-established rule in this state is that when one person buys real estate and pays the purchase price thereof, and the title is taken for convenience in the name of another, the person taking the title will hold the property in trust for the person paying the purchase price. *Hoehne v. Breitkreitz,* 5 Neb. 110; *Chicago, B. & Q. R. Co. v. First Nat. Bank,* 58 Neb. 548; *Koborg v. Greeder,* 51 Neb. 365; *Detwiler v. Detwiler,* 30 Neb. 338. The undisputed facts of this case are sufficient to establish the trust relation. When, at plaintiff's request, his mother devised the land to the defendant, who is his sister, that trust relation was transmitted to her, and thereafter she held the legal title in trust for the plaintiff.

It is strenuously contended, however, that plaintiff can have no relief in a court of equity because the transaction by which the title to his land was taken in the name of his mother was fraudulent, and therefore he does not come into court with clean hands. There are two reasons why this contention cannot be maintained: First, the defendant, by her pleading, has not challenged the *bona fides* of the transaction, and therefore, strictly speaking, she was not entitled to any relief on that ground; second, it appears from the evidence, and beyond peradventure, that the land in question was, at all times, the homestead of the plaintiff, that he was the head of the family which resided with him thereon. It is therefore clear that this homestead, which was at that time worth less than $2,000 was not the subject of fraudulent alienation. In *Derby v*

*Weyrich,* 8 Neb. 174, it was held: "Property which is exempt by law from liability for the owner's debts is not susceptible of a fraudulent alienation." It was said in the opinion: "Property which is exempt by a positive statute from liability for the owner's debts is not susceptible of a fraudulent alienation, and consequently is not within the statute. The creditors cannot be said to be creditors as to that particular property so as to make a transfer of it matter of concern to them. The debtor, as to that property, may be considered as without creditors, and he has the right to dispose of it as though he had no creditors." *Schribar v. Platt,* 19 Neb. 631; *Baumann v. Franse,* 37 Neb. 807; *Clark v. Clark,* 21 Neb. 402; *Cutler v. Meeker,* 71 Neb. 732. It would seem clear from the foregoing authorities that plaintiff's second contention cannot be sustained.

Finally, defendant's claim that plaintiff always recognized her title to the premises seems to be wholly unsupported by the testimony. The evidence clearly establishes the fact that, not only the defendant, but every member of the plaintiff's family, of which she was one, always recognized him to be the owner of the land in question. It is shown, without dispute, that defendant always, except a short time prior to the commencement of this action, openly and positively declared that she had no interest in the premises; that it belonged to the plaintiff, and that she intended, as soon as the plaintiff married, to convey it to his wife; that after his marriage she told his wife that she thought it was better for the head of the family to have the title to the land, and that she would convey it to the plaintiff.

Upon the facts of this case, as shown by the evidence, the judgment of the district court was clearly right, and it is therefore

AFFIRMED.

LETTON, J., not sitting.