HUGH A. ALLEN, APPELLANT, V. HOLT COUNTY ET AL., APPELLEES.

FILED MARCH 19, 1908.    No. 14,840.

1. **Homestead:** ABANDONMENT: EVIDENCE. Where the owner of a homestead has removed to another home, which he has purchased, it will ordinarily be presumed that such removal from the old home was an abandonment of the homestead right therein; but such presumption does not obtain where the owner of the homestead has been elected to fill a state office, and removes with his family to a new home purchased in the capital city for the sole purpose of performing his official duties, while such owner retains the continuing intention to return to the old home at the expiration of his official term. Such owner would be entitled to a reasonable time after the expiration of his term of office to return and occupy his homestead, and, if he is then forcibly prevented from returning, the homestead right would continue for a time reasonably sufficient for such return after the removal of the preventing cause.

2. ——: SALE ON EXECUTION: VALIDITY. The sale of a homestead under an ordinary execution during the temporary absence of the owner is void.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE. *Reversed with directions.*

*R. R. Dickson,* for appellant.

*W. T. Thompson, Attorney General, E. H. Whelan* and *Arthur Mullen, contra.*

GOOD, C.

The appellant, Hugh A. Allen, brought this action in the district court for Holt county against the county of Holt and the state of Nebraska to quiet his title to a tract of land adjacent to the village of Atkinson, Nebraska, to cancel a sheriff's deed conveying the premises in controversy to Holt county, and to have certain judgments declared not liens upon the premises. The plaintiff claimed ownership by virtue of a deed from Joseph S. Bartley and wife, executed on the 27th day of January, 1904. The defendant Holt county answered, claiming title to the premises by virtue of a sheriff's deed, executed on the 11th day of February, 1898, and asked to have its title quieted as against the plaintiff. The state of Nebraska admitted certain formal allegations in the petition, and denied plaintiff's title. Upon a trial of the issues joined the district court found against the plaintiff, dismissing his action, and found in favor of the defendant Holt county, and entered a decree quieting and confirming its title to the lands. From this judgment of the district court the plaintiff has appealed.

The facts disclosed by the record, as far as they are material to the determination of the questions herein involved, are as follows: Joseph S. Bartley on the 10th day of December, 1885, became the owner in fee of the premises in controversy, and resided thereon with his family. The land in controversy constituted his homestead, and the evidence shows that at no time has the property been worth more than $2,000. In November, 1892, Bartley was elected

state treasurer, and in January following removed with his family to the city of Lincoln to enter upon his duties as such officer. He left a considerable portion of his household goods in his residence upon the land in controversy, and left upon the premises most of his agricultural implements and tools. He did not rent the property, but left it in the care of certain of his relatives. Shortly after his removal to Lincoln he purchased property there, the title thereto being taken in the name of his wife, in which he and his family resided during his term of office, and thereafter until he was taken into custody upon a criminal charge. Bartley's second term as state treasurer ended in January, 1897, and on the 27th day of February following he was arrested and incarcerated in jail in Douglas county. In June of the same year he was tried, convicted, and sentenced to a term of 20 years in the state penitentiary. Pending a review of his trial in the supreme court he remained in the Douglas county jail, and after the judgment was affirmed he was confined in the penitentiary until he was pardoned in the year 1902, and he has ever since resided in the Lincoln home. During the time that Bartley was state treasurer he claimed his home at Atkinson, frequently returned there, and voted there at each general election, and has never voted elsewhere. He did not rent the premises in controversy, and never sold or removed his household goods and agricultural implements and tools that he left thereon. He purchased the property in Lincoln with a view of its occupancy during the term of his office, and with the intention and expectation of selling the same at the end thereof, and it was also his expectation and intention to return at the end of his term of office to his homestead in Holt county.

In December, 1894, Holt county recovered a judgment for $5,863 and costs in the district court for that county against Barrett Scott, as principal, and Joseph S. Bartley and others, as sureties, and on the 4th day of January, 1898, caused execution to be issued on said judgment and levied upon the premises in controversy. On February 23,

1898, the premises were sold under said execution to Holt county for $625. In May following the sale was confirmed and deed issued, which was recorded in November, 1900. In the interim between the obtaining of the said judgment and the sale of the premises under the execution levied thereon Holt county obtained another judgment in the district court for that county against Bartley, and the state of Nebraska filed in the district court for that county a transcript of a judgment in its favor against Bartley obtained in Douglas county.

The first question for determination is: Was the land in controversy the homestead of Joseph S. Bartley at the time of the sale thereof under the execution? And did the county of Holt acquire title to the lands by virtue of the sheriff's deed? That the land in controversy constituted the homestead of Bartley up to the time of his removal to Lincoln to assume his official duties as state treasurer is not questioned; but it is contended by the appellees that by virtue of Bartley's removal from the home in Holt county to the city of Lincoln and the purchase of a new home there, in which he installed his family, he had abandoned his old homestead. Ordinarily, where the owner of a homestead removes therefrom with his family and to another home, of which he is the owner, it will be presumed that he has abandoned the first home and thereby the homestead right in it. But this, like other presumptions, may be rebutted by evidence to the contrary, and the real question to determine is whether or not in leaving the home in Holt county to go to Lincoln there was an intention to abandon, or, after having removed therefrom, an intention was formed to remain away from it. If Bartley's intention, when he removed from Holt county to Lincoln, was not to return, then, of course, he abandoned the homestead; or if, after his removal to Lincoln, he formed the intention while there to remain in Lincoln, or of not returning to Holt county, then there would be an abandonment of the homestead. But, from the record, it is apparent that his only purpose in removing to Lincoln was to perform his

official duties. It was but natural that he should take his family with him, and the question of purchasing a home in Lincoln or of renting one was a question of expediency. It might be that it was difficult to find a suitable house for rent, or one that he could rent for a term of years. There are many reasons that will suggest themselves why one residing in Lincoln, filling a state office, might deem it desirable to purchase residence property to live in during one's official career. It is a matter of common knowledge that many of our United States senators and other government officials purchase and own homes in the city of Washington, and yet maintain their residences in their respective states; and no one would contend, under these circumstances, that our senators and other federal officers had lost their residences in their respective states because they had purchased and owned homes in Washington. We think that the same rule applies to state officers, and that it cannot be said that they have abandoned their respective residences in their home counties because they have purchased residences in the capital city and have installed their families there during their terms of office. So that, while the fact of a purchase of a residence, under ordinary circumstances, and the removal from the old home to the new one, would constitute an abandonment, such presumption cannot be said to obtain under the circumstances as they appear in this case. The facts that Bartley left a considerable portion of his household goods in his house in Holt county, that he left his agricultural implements on the land, that he did not rent the premises, but left them in the care of relatives residing in the same town, and that he returned to Atkinson each year to cast his vote, that he never engaged in any other business in Lincoln, and had no business there except his official duties, are such as to negative the idea that he intended to abandon his homestead. After his second term of office had closed, and before he had adjusted his accounts as state treasurer, he was arrested, and from that time forth until after the sale of the property to Holt county upon execution he was

not in a position to return to his home in Holt county. The property was levied upon and sold while Bartley was in jail in Douglas county. Under the circumstances, we think there was not sufficient time elapsed after the expiration of his term of office and previous to his arrest and incarceration in prison to evidence an intention not to return to Holt county. There was no act of his shown in the record inconsistent with an intention to return to Holt county until after the execution sale, while, on the other hand, the evidence clearly discloses that it was his purpose and intention to return, and that he had not abandoned that intention prior to the sale of the property under the execution. We think the evidence conclusively establishes that, up to this time, Bartley had not abandoned his homestead, and that the property was his homestead at the time of the sale to Holt county under the execution.

Appellees contend that, even if the property was the homestead at the time, he has waived the homestead right. It is true that this court has held that the homestead right is a personal privilege and may be waived. But the cases in which that has been held were those wherein the homestead quality of the property was an issue in the case, or wherein the homestead claimant had the opportunity of asserting and establishing his homestead right in the action. See *Brownell & Co. v. Stoddard*, 42 Neb. 177; *Curtis v. Osborne & Co.*, 63 Neb. 837; *Gilbert v. Provident L. & T. Co.*, 1 Neb. (Unof.) 282. In the action whereby Holt county obtained a judgment against Scott and Bartley the homestead character of Bartley's property was not and could not have been put in issue. The only opportunity, therefore, that Bartley could have had to interpose the homestead character of his property was by way of objections to the confirmation of the sale. But this court has held that the homestead character of the property cannot be properly determined upon objections to the confirmation of the sale, and that, even if such objections were made, they are not binding upon the homestead claimant, who may thereafter bring an action to cancel the sheriff's

deed on the ground that the sale was void. *Best v. Grist*, 1 Neb. (Unof.) 812; *Baumann v. Franse*, 37 Neb. 807. Under the holdings of this court in these cases, the sale of the premises in controversy under the execution was absolutely void. No right or title by virtue thereof was vested in Holt county.

There still remains for consideration the question as to whether the realty in controversy was the homestead of Bartley at the time of the sale to the appellant on the 27th day of January, 1904, and whether the conveyance from Bartley and wife to appellant vested a good title in the grantee divested of the judgment liens of Holt county and the state of Nebraska. Bartley was pardoned and released from the state penitentiary in the early part of the year 1902, and has ever since continued to reside in the home in Lincoln, and has never made any attempt to remove to the Holt county homestead. Two years had elapsed from the time of his release before the sale of the property to the appellant. The only reason or excuse offered for his continued absence was that Bartley was interested in litigation which rendered necessary his presence in Lincoln, where he might have easy and free access to the books and records of the treasurer's office. The evidence upon this question appears to be a mere conclusion. There are no facts shown in the record which would indicate that it was necessary for Bartley to remain in Lincoln or to be near the treasurer's office, and it does not appear that, in fact, he ever visited the treasurer's office or examined the books and records thereof. The record does disclose that there were two actions pending in the district court for Douglas county in which Bartley was interested; but there is nothing to disclose that they required his attendance in Lincoln or required his absence from his Holt county residence. We think a fair inference to be drawn from the record is that Bartley, before the sale of the property to Allen, abandoned his intention to return to Holt county. We are inclined to the view that he was entitled to a reasonable time after his pardon and release from the peni-

tentiary to return and reoccupy his former homestead; but that two years is more than a reasonable time. We therefore conclude that, prior to the time of the sale to Allen, Bartley abandoned his homestead in Holt county, so that the property at the time of the sale did not possess the homestead character. It necessarily follows that the land was subject to judgment liens at the time .of the conveyance to the appellant, and that appellant took Bartley's title to the real estate burdened with the liens of all the valid judgments of record against Bartley in Holt county. It appears that more than five years had elapsed after the rendition of the judgment in favor of the state of Nebraska, and without any execution having been issued thereon previous to- the conveyance to the appellant. This judgment had, therefore, ceased to be a lien upon the property. The appellant was entitled to have the sheriff's deed to Holt county canceled, and to have his title quieted as against the state of Nebraska; but he was not entitled to have his title quieted as to the judgment liens of Holt county.

We therefore recommend that the judgment of the district court be reversed and the cause be remanded, with directions to enter a decree in conformity with this opinion.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to enter a decree in conformity with this opinion.

REVERSED.

REESE, J., not sitting.