OTTO · BAUMANN, GUARDIAN, v. THOMAS M. ·FRANSE, APPELLANT, IMPLEADED WITH JOSEPH PIMPER ET AL., APPELLEES.

FILED OCTOBER 4, 1893.    No. 4955.

1. Homesteads: EXECUTION SALES: TITLE UNDER SHERIFF'S DEED. A sale of a debtor's homestead, at the time actually occupied by himself and family as such, by a sheriff on an ordinary execution, will not divest the debtor of his title to the homestead; nor will the sheriff's deed, made in pursuance of such sale and a confirmation thereof, convey any title to the purchaser of such homestead at such sale.

2. ———: ———: ———: BONA FIDE PURCHASERS. The purchaser of title to real estate, derived through a sheriff's sale thereof on ordinary execution, with actual knowledge that the same was at the time of sale the homestead of the execution debtor, and actually occupied by himself and family as such, is not an innocent purchaser.

APPEAL from the district court of Cuming county. Heard below before NORRIS, J.

·T. M. Franse, pro se.

Fannie O'Linn, contra.

RAGAN, C.

About twenty years ago the appellee Joseph Pimper acquired, under the homestead laws of the United States, title to an eighty-acre tract of land in Cuming county. Some time after that he acquired title to another forty-acre tract adjoining the eighty-acre tract, and, with his wife, the appellee Eva Pimper, and their family, continuously resided on said tract of land, using and occupying the same as their homestead until March, 1889. On the 30th of October, 1888, the appellees Joseph and Eva Pimper executed a mortgage upon this 120 acres of land to the appellant Franse. He assigned the mortgage and the debt secured by it to the appellee Otto Baumann, guardian. On the 31st day of October, 1888, one McLaughlin, in a justice court in Cuming county, recovered a judgment for $150 for attorney's fees against the said Joseph Pimper. A transcript of this judgment was duly filed in the office of the clerk of the district court of said county on November 2, 1888, at what hour the record does not show. On the 2d day of November, 1888, Joseph Pimper and his wife, Eva, executed a deed of said 120 acres of land to the appellee Frank Schmeiser, for the purpose and with the intention of having him convey the title of all of said lands to the wife, Eva Pimper. This deed was filed for record in the office of the register of deeds on the 7th day of November, 1888. On the 27th day of February, 1889, in pursuance of their agreement, Schmeiser and wife conveyed eighty acres of said land back to Eva Pimper, and on the same date, without consideration, Schmeiser and wife conveyed to one Uldrich forty acres of said land, and in May following, Uldrich, for no valuable consideration, by quitclaim deed, conveyed said forty acres to the appellant Franse. On the 27th day of November, 1888, the sheriff of Cuming county levied an execution, issued on the judgment held by McLaughlin against Pimper, upon the said homestead of the

Pimpers, and afterwards sold said real estate to one Kimball E. Valentine, which sale was confirmed on the 28th of January, 1889, by the district court, and the sheriff thereupon executed to said Valentine a deed of conveyance for said real estate, bearing date the 2d day of February, 1889. On the 26th day of April, 1889, Valentine and his wife conveyed said real estate to the appellant Franse. During the month of March, 1889, Joseph Pimper and his wife and family moved off the said homestead.

Baumann, guardian, brought this suit in the district court of Cuming county to foreclose the mortgage on this homestead, made by Pimper and his wife to Franse. Joseph Pimper and Eva Pimper, his wife, Frank Schmeiser, and the appellant Franse were made defendants. Schmeiser did not appear in the action. Franse filed no answer to the petition to foreclose, nor made any defense thereto. The Pimpers made no defense to the foreclosure suit, but the wife, Eva Pimper, filed a cross-petition in said action against her co-defendant, Franse, in which she alleged, in substance, that she and Joseph Pimper were husband and wife; that they had owned and resided upon the 120 acres of land with their family, as a homestead, for about twenty years; set out the conveyance of the land as above stated, to Schmeiser, for the purposes above stated ; that Schmeiser accepted the trust and expressly agreed to convey all of said premises to her at once; that in pursuance of the agreement he did convey to her eighty acres of it, but neglected to convey a forty-acre tract to her, and in disregard of his trust conveyed it to one Uldrich, without consideration, and that Uldrich had subsequently, and without consideration, conveyed it to her co-defendant, Franse. She further set out in her cross-petition the levy upon said homestead by the sheriff; the sale of the same; the purchase by Valentine; the confirmation of the sale and the deeding of the homestead to Valentine by the sheriff; that Valentine had subsequently conveyed to Franse. She alleged that the

conveyance from Valentine to Franse was without consid-
eration, and that Franse purchased with due notice of her
rights.   She prayed that the sheriff's deed to Valen-
tine, the deed from Valentine to Franse, the deed from
Schmeiser to Uldrich and from Uldrich to Franse, might
all be canceled and the title to all of said real estate quieted
and confirmed in her.   The appellant Franse answered
this cross-petition and, in substance, pleaded that he was an
innocent purchaser for a valuable consideration, without
notice, of all of said lands from Valentine.   He pleaded
that he was an innocent purchaser of the forty-acre tract
from Uldrich; that the conveyance made by Pimper and
his wife to Schmeiser was done for the purpose of defraud-
ing the creditors of Joseph Pimper, and that the Pimpers
had abandoned the land as a homestead.   On these plead-
ings and issues, without objection from any one, so far as
the record discloses, the case was tried to the court, who
rendered a decree of foreclosure of the mortgage and or-
dered the property sold to satisfy the mortgage debt.   He
further found and decreed that the allegations in the cross-
petition of Eva Pimper were true, and quieted and con-
firmed the title to all of said real estate in her, and rendered
a personal judgment against the appellant Franse, for some
rents of the property that he had collected and appro-
priated.

Franse brings the case here on appeal, and contends
that as plaintiff's action was for the foreclosure of a mort-
gage, and no defense was made to that proceeding by any
one, the action should not be retained for the purpose
of settling the title between the defendants, and that the
proper remedy for Mrs. Pimper for trying her title to the
land against appellant is an action of ejectment.   These
objections of the appellant come too late.   So far as the
record before us discloses the proceedings in the court below,
the appellant answered the cross-petition of Mrs. Pimper,
setting out his own title to the land, and asking to have his

title thereto quieted and confirmed.   In other words, without objection of any kind, he submitted his rights and case to the court, sitting in equity, and he cannot now be heard to complain that a question of title was tried in the foreclosure suit; nor can he now question the decree against him because he was entitled as a matter of law, had he demanded it, to have the question of his title passed upon by a jury.   This question was before this court in *Gregory v. Lancaster County Bank*, 16 Neb., 411, and the court said: "There is no doubt that the proper remedy of a party out of possession of real estate, and holding the legal title to the same, is ejectment.   He, as well as the party in possession, is entitled to two trials and to a jury to determine the facts; but the right to trial by jury or to a second trial is a personal privilege that may be waived.   If the plaintiffs in error had filed an answer alleging that the defendant in error was not in possession of the premises, and that the plaintiffs in error were in possession, and denying the right of the defendant in error to proceed in equity, it is probable the defendant in error would have been required to amend its petition and proceed at law.   But instead of this we find that the plaintiffs in error have set up in their answer all the steps in their proceeding by which they acquired title, and the court was in effect asked to enter a decree that their title was paramount and superior to that of the defendant in error.   That the court had jurisdiction in such a case there can be no doubt."   This question was again before the court in *Snowden v. Tyler*, 21 Neb., 199, and the same doctrine was announced.   Again in *Mollie v. Peters*, 28 Neb., 670, the question arose, and this court said: "When both parties to a suit by their pleadings claim title to the same tract of land, and each asks to have his title quieted, it is too late, after decree, for the losing party to urge for the first time that the proper remedy was by an action of ejectment."

The undisputed evidence in this record shows that the

land in controversy was levied upon and sold by the sheriff to Valentine to satisfy the judgment of McLaughlin against Joseph Pimper; that a notice of an application to have the sale confirmed was served on Joseph Pimper, and that he made no effort to prevent the confirmation of the sale, nor made any appearance whatever in that action ; that the land sold was worth about $2,400, and incumbered by mortgage of something over $600,—the mortgage in suit; and that at the dates of the levy, sale, and confirmation, the land was actually occupied by the Pimpers and their family as a homestead. The appellant's title, then, is whatever title Valentine had. The question is, What title did Valentine acquire by virtue of the levy upon, and sale and conveyance of, these premises to him by the sheriff? We think Valentine acquired no title whatever to these premises by virtue of the sheriff's sale and deed, and that, therefore, appellant has none.

Section 1, chapter 36, Compiled Statutes of 1893, provides: "A homestead not exceeding in value $2,000, consisting of the dwelling house in which the claimant resides, * * * and the land on which the same is situated, not exceeding 160 acres, * * * shall be exempt * * * from execution or forced sale, except as in this chapter provided."

In *McHugh v. Smiley*, 17 Neb., 626, it is said : "A party purchasing part of a homestead in actual occupation of the family, at a sale under an ordinary execution, will not acquire the title if the property was exempt."

In *Schribar v. Platt*, 19 Neb., 625, the facts were: A owned land occupied by himself and family as a homestead, and conveyed it to B. Prior to this time Platt had recovered judgment against A, caused the land to be levied upon, sold under execution, and the same was purchased by Platt, and the sheriff executed him a deed therefor. B then brought action to have the sheriff's deed canceled as a cloud upon his title, alleging that the land in contro-

versy was purchased by him from one Mesarvey; that at and before the conveyance to him, Mesarvey occupied the land with his family as a homestead; that the same was less in quantity than 160 acres, and of less value than $2,000; and this court held that the judgment of Platt and the proceedings thereunder were no lien or claim upon the land, and entered a decree canceling the sheriff's deed as a cloud upon B's title.

In *Giles v. Miller*, 36 Neb., 346, the facts were: One J. A. Giles and his wife and family owned and occupied as a homestead a piece of land in Phelps county, and on the 4th day of March, 1889, they conveyed this land to one William Giles. Prior to this conveyance one Miller had recovered a judgment against said J. A. Giles before a justice of the peace, and caused a transcript thereof to be filed in the office of the clerk of the district court on the 18th of October. Miller subsequently caused an execution to be issued upon this judgment and levied upon this land, and the sheriff having advertised and being about to sell the same, William T. Giles, the purchaser from J. A. Giles, brought a suit to enjoin the sheriff from making the sale. William Giles predicated his case upon the ground that the land purchased by him from J. A. Giles was, at the time he purchased it, the homestead of J. A. Giles, and as such was exempt from sale on execution, and that the judgment of Miller was not a lien upon it; and this court, on appeal, said: "As the real estate in dispute was the homestead of J. A. Giles at the time of the filing of the transcript of the judgment, and at the time of the plaintiff's purchase, Miller's judgment was not a lien on the property. The purchaser of the land, which is held and occupied by the owner and his family as a homestead, and which does not exceed in value $2,000, takes the same free from the lien of a judgment docketed prior to such purchase, but during the existence of the homestead right. In other words, a judgment is not a lien upon the homestead premises, and the owner can convey the same free from his previous judgment debts."

It appears then, from the statute and the decisions of this court above quoted, not only that a judgment is not a lien against the homestead of the judgment debtor, but that the homestead of the debtor, while actually occupied by him, is absolutely exempt from sale on an ordinary execution; and a sale of the debtor's homestead, at the time actually occupied by himself and family as such, by a sheriff on an ordinary execution, will not divest the debtor of his title to the homestead; nor will the sheriff's deed, made in pursuance of such sale and a confirmation thereof, convey any title to the purchaser of such homestead at such sale.

Appellant claims that he purchased these premises from Valentine, who was in possession of the same, for a valuable consideration, and for these reasons he should be held an innocent purchaser, and protected. We do not care to indulge in any extended discussion of the evidence. Suffice it to say that the facts in the record do not support appellant's claim. He was present when the levy was made. He acted as one of the appraisers. He appeared as Valentine's counsel, and on his motion, the sale made to Valentine was confirmed. He knew the land was all this time, and had been for a number of years, actually occupied by Joseph Pimper, his wife and family, as their homestead. The deed he accepted from Valentine was, practically, a quitclaim deed, and at the time he took Valentine's conveyance for these lands, there was on record in the office of the register of deeds of Cuming county an absolute warranty deed from Pimper and wife for these lands to the defendant Schmeiser. This deed and the record of it antedated the levy on which Valentine's deed was based. The date of this deed was identical with the date the judgment on which the land was sold was transcripted from the justice of the peace, and filed in the office of the clerk of the district court. No; appellant is not an innocent purchaser of these lands as a matter of fact or law.

Baumann v. Franse.

It is also urged by the appellant that the conveyance of these lands to Schmeiser by Pimper and wife was to defraud their creditors, and an abandonment of their homestead. If this is true it does not help appellant. It has long been settled that exempt property is not susceptible of fraudulent alienation. The homestead was absolutely exempt from sale under this execution, and if the Pimpers desired to sell it or give it to Schmeiser and did so, it was still exempt from being sold under the execution against Joseph Pimper.

The appellees, the Pimpers, claim that this land was conveyed by them to the defendant Schmeiser for the sole purpose of having him convey the land to Mrs. Pimper; that he accepted such conveyance for that purpose, and promised at the time to at once deed to Mrs. Pimper. The court found this claim to be true, and the evidence supports the finding. Schmeiser did convey to Mrs. Pimper a part of the land, but wrongfully and without consideration, as the evidence shows, conveyed one forty-acre tract of the land to one Uldrich, and he, without any consideration, quitclaimed the same to the appellant Franse. Schmeiser held all these lands in trust for Mrs. Pimper, and as neither Uldrich nor Franse paid any valuable consideration for the forty-acre tract, the decree canceling the conveyance from Schmeiser to Uldrich and from Uldrich to Franse for the land was right.

It is useless to pursue the case any further. We have carefully examined all the points made and authorities cited by the appellant, and studied with much care all the evidence, and under no reasonable or fair construction of the testimony and the law applicable to it, can appellant's claim of title to these lands, or any of them, stand. The decree of the district court is in all things

AFFIRMED.

THE other commissioners concur.