[Civil No. 3441.   Filed March 11, 1935.]

[41 Pac. (2d) 1088.]

ELQUEST PAINT COMPANY, a Corporation, Appellant, v. ROSE COLLISTER, Appellee.

Mr. David E. Wilson, for Appellant.

Appellee made no appearance.

ROSS, J.—The appellant, Elquest Paint Company, according to its complaint, on October 26, 1931, obtained a judgment against appellee, Collister, in the superior court of Maricopa county for the sum of $525.41, and on the same day caused such judgment to be filed and docketed with the clerk of said court in the judgment docket. It is further alleged that appellee, on August 25, 1932, filed in the recorder's office of Maricopa county a declaration of homestead on twenty acres of land, described as the north ½ of the southeast ¼ of southeast ¼ of section 29, township 3 north, range 3 east, of the Gila and Salt River

base and meridian; that she does not have any other property in Arizona subject to execution sufficient to satisfy said judgment; that the value of said property does not exceed $4,000, and that the said Collister is not the head of a family within the meaning of sections 1731 and 1732, Revised Code of 1928, and is not entitled to claim the aforesaid property as a homestead, exempt from execution and forced sale. The prayer is: (1) That the declaration of homestead be declared null and void; (2) that the recorder of Maricopa county be ordered to strike it from his records; (3) that plaintiff have costs; and (4) general relief.

A general demurrer to the complaint was sustained and, plaintiff electing to stand thereon, the complaint was dismissed. Plaintiff has appealed and urges that the remedy adopted by him to test out the validity of the homestead claim is a proper one. As to whether it is, is the question. The proceeding is not provided for by any statute.

■■ The purpose of the action is to secure a decree of the court canceling the homestead declaration. We will suppose such a decree was granted. What more than the plaintiff already has would it acquire? It would have the right to an execution, and that it has always had since it obtained its judgment. The cancellation of the homestead claim would not prevent the filing of another at any time before a sale. (Sections 1731–1733, Rev. Code of 1928.) It would not prevent the owner from mortgaging or selling the land or relieve it from other encumbrances or burdens. The plaintiff's judgment and lien claim antedating the homestead declaration are prior and superior to it, or under the law inferior to the homestead claim. This all-essential question is not an issue and cannot be tried in this kind of proceeding. We think it is an idle gesture under the circumstances.

It is provided in the article on "Homesteads," sections 1731 and 1732, Revised Code of 1928, that real estate to the value of $4,000 may be held as a homestead, by every person the head of a family residing in the state, exempt from attachment, execution and forced sale. But that such person to avail himself of such exemption shall make out under oath a claim in writing, showing he is the head of a family that resides in the state, particularly describing the land claimed and stating the value thereof, and shall file the declaration in the office of the county recorder of the county where the land lies. It is provided in section 1733 that after the recording of the homestead declaration no sale thereof shall be valid, whether under a judgment existing before or after such recording.

Sections 1735 and 1736 provide that if an execution creditor is dissatisfied with the value of the land claimed he may, in the manner therein set forth, have it appraised and if it exceeds in value $4,000 over and above all claims and encumbrances, have it divided, or, if that cannot be done without material injury, have it sold, in either case protecting the homestead interest up to $4,000. This latter proceeding was evidently intended to be invoked only when the validity of the homestead claim was conceded, but the value thereof was more than $4,000.

The present proceeding is predicated on the assumption of the invalidity of the homestead claim, on the ground that the claimant was not possessed of the statutory qualifications, in that she is not the head of a family. If the claimant was not the head of a family residing in Arizona, her declaration of homestead would not exempt the property from execution and forced sale. As is said in *Traverso* v. *Cerini,* 146 Wash. 273, 263 Pac. 184, 185:

"It is, perhaps, needless to state that the mere filing of a declaration of homestead on real property does not of itself conclusively establish the property as a homestead. It does so only when the statutory conditions permitting the declaration to be filed exist. Stated in another way, the claimant must be in the situation with respect to the property which the statute prescribes as a condition precedent to the right to claim a homestead, before any such claim is valid."

The plaintiff's remedy was to levy on the property and sell it under its judgment and leave the question of the validity of the homestead claim to be determined thereafter in a proper action. In *Kaley* v. *Eselin,* 108 Neb. 544, 188 N. W. 254, 256, the court had before it the question of the proper course to pursue when the law failed to provide a method of determining whether a disputed homestead was valid or invalid, and it was there decided:

"A suit in equity to enjoin the sale was held to be such a proper action in the Quigley case [*Quigley* v. *McEvony,* 41 Neb. 73, 59 N. W. 767]. An action in ejectment by the purchaser to obtain possession of the property, or a suit in equity to set aside said sale, or to cancel the sheriff's deed, or to quiet title in claimant, are all proper actions in which to determine said disputed right of homestead. *Schribar* v. *Platt,* 19 Neb. 625, 28 N. W. 289; *Giles* v. *Miller,* 36 Neb. 346, 54 N. W. 551, 38 Am. St. Rep. 730; *Baumann* v. *Franse,* 37 Neb. 807, 56 N. W. 395; *Best* v. *Grist,* 1 Neb. (Unof.) 812, 95 N. W. 836; *Allen* v. *Holt County,* 81 Neb. 198, 115 N. W. 775."

In the Kaley case and Traverso case, *supra,* it was held that the proper procedure, when the invalidity of the homestead claim was involved, was to levy on the property under execution and sell all the debtor's right, title, and interest therein, the court in the latter saying:

"Such a sale as against an invalid claim is as regular as it would be had no claim at all been filed."

We conclude that the complaint states no cause of action, and that the demurrer was properly sustained.

LOCKWOOD, C. J., and McALISTER, J., concur.