257 P.2d 593

In re STANGER'S ESTATE.

STANGER et al. v. STANGER.

No. 5697.

Supreme Court of Arizona.

May 25, 1953.

Johnson & Shelley, of Mesa, for appellant.

Harold R. Scoville, of Phoenix, for appellee.

STANFORD, Chief Justice.

Amy A. Stanger and Albert Edward Stanger, residents of Montana, were married on August 2, 1949, in Billings, Montana. Shortly thereafter the parties came to Arizona to live, and on March 13, 1950 purchased 60 acres of land described as:

West 60 acres of the SW¼ of Section 21, T. 1 N., R. 7 E. of the G. & S. R. B. & M., Maricopa County, Arizona, excepting certain roadways.

The purchase price of the property was $22,500. $11,996.85 was paid by Albert Edward Stanger from his own personal savings which he had acquired before his marriage to Amy A. Stanger. $3,000 was paid from funds which Amy A. Stanger had acquired prior to her marriage to Albert. $3.15 was from a check drawn on the joint account of the two parties, and a mortgage in the amount of $7,500 was given to the seller of the property for the balance of the purchase price. Albert Stanger died June 14, 1950, about three months after the purchase of the property.

The property purchased had upon it six residence buildings together with a garage, water-well and tower. The main residence was a two-story one. All of the residences were furnished and all had in them refrigerators. The houses were somewhat close, the main building being 142 feet south and 146 feet west of the closest of the houses.

Apparently the houses were rented and the money received therefrom was placed in a joint account of the said parties, and expenses for the operation of the property were paid out of said joint account.

Mrs. Stanger was appointed the administratrix of the estate of her husband on June 14, 1950, and she filed a petition to set over to her the entire 60-acre tract as a probate homestead and also filed a petition for family allowance. The court found the entire tract was community property and set it over in its entirety as homestead and also granted the petition for family allowance.

Glenn Stanger, the appellant herein, being one of the surviving children of Albert Edward Stanger, on his behalf and on behalf of other surviving children, filed a motion to vacate the order setting aside the

homestead, which was denied, hence this appeal.

The appellant presents two assignments of error:

1. That the finding that the property was community is not justified by the evidence;

2. That the property was readily divisible and should have been divided.

As to the first assignment, it is the claim of appellant that the presumption of community property may be overcome by showing the purchase money paid for the property to have been for the most part paid by the decedent from his separate funds.

T e testimony of Mrs. Stanger was to the effec, that the deed was taken in both their names at the direction of Mr. Stanger "as community property". It was stipulated at the trial that the party who drew the deed, though not present, if called to testify would corroborate the wife's testimony on this point. Both parties signed the note and mortgage representing the balance of the purchase price.

Our statute provides that:

"The marital rights of persons married out of this state, who may move to this state, shall in regard to property acquired in this state during the marriage be regulated by the laws of this state." Sec. 63–306, A.C.A.1939.

Our statutes further provide that:

"All property acquired by either husband or wife during the marriage, ex-cept that which is acquired by gift, devise or descent * * * shall be the community property of the husband and wife. * * *" Sec. 63–301, A.C.A.1939.

The citations under this section furnish a long line of cases in this jurisdiction holding that property acquired during coverture is presumed to be community property, though this is not conclusive, Jones v. Rigdon, 1927, 32 Ariz. 286, 257 P. 639, and can only be rebutted by evidence of the most convincing nature, Blaine v. Blaine, 1945, 63 Ariz. 100, 159 P.2d 786; Porter v. Porter, 67 Ariz. 273, 195 P.2d 132. If the presumption above referred to is to be overcome it must appear by clear and convincing evidence that it was the intention of the parties that the property should not acquire the character of community property. The evidence in this case is all to the contrary. That the parties contributed disproportionate shares of the purchase price is of no consequence when it appears that it was their intention to hold the property as a community asset.

We think it unnecessary to dwell longer on the first assignment of error, for we are of the opinion that the trial court was justified in finding that the homestead set apart was community property.

We refer now to the second assignment of error, wherein it is contended by appellant that the 60-acre tract of land with its six houses, set aside as a probate homestead, was "readily divisible".

Our law on the subject of probate exemption, stated in Section 38–902, A.C.A. 1939, is as follows:

"*Setting apart homestead.*—After the return of the inventory, the court may on its own motion, or on petition therefor shall set apart for the use of the surviving husband or wife, or, in the case of his or her death, to the minor children of the decedent, all the property exempt from execution, including the homestead, selected, designated, and recorded, if such homestead was selected from the community property, or from the separate property, of the persons selecting or joining in the selection of the same. If none has been selected, designated, and recorded, or, if the homestead was selected by the survivor out of the separate property of the decedent, the decedent not having joined therein, the court shall select, designate, and set apart, and cause to be recorded, a homestead for the use of the surviving husband or wife, and the minor children, or if there be no surviving husband or wife, then for the use of the minor children, out of the community property, or if there be no community property, then out of the property of the decedent."

The record in this case shows that the main building was a two-story stucco house, and the other five buildings were equipped for housekeeping, not only sufficiently furnished but included in the furnishings is a refrigerator in each of the houses. Mrs. Stanger, this appellee, in speaking of this particular property, the 60 acres with the six houses, stated:

"A We were going to develop it for an income, it was to be our income, and we had planned to develop it."

These separate units were built for and acquired by these parties for income property. A survey of the property discloses that each of the houses are far enough apart so that there is complete privacy for each house.

■ The general rule is that income and rental properties, separate and distinct from the family home and its appurtenances, and not personally occupied by the family, are not susceptible of being claimed as a homestead. See Ann. 73, A.L.R. 116, 139.

■ Our statute, Section 24–501, A.C.A.1939, amended by Chapter 64, S.L. 1952, provides that a person during lifetime may select a homestead, and by the provisions of Section 38–902, supra, if none has been selected during lifetime the court shall select and set apart a homestead for the use of the surviving spouse and/or minor children. The underlying purpose of these statutes is to insure a home for the surviving spouse and/or children. The word "homestead" is used in its ordinary and popular sense. In other words, its legal sense is also its popular sense. A homestead carries with it "the usual and cus-

tomary appurtenances, including outbuildings of every kind necessary or convenient for family use, and the lands used for the purposes thereof". Gregg v. Bostwick, 1867, 33 Cal. 220, 91 Am.Dec. 637.

█ Where a homestead has been selected during lifetime it is now limited in value to $8,000, Section 24-501, supra. We pointed out in the case of In re Moore's Estate, 67 Ariz. 65, 190 P.2d 914, that there is no such limitation upon the court when it selects what is commonly known as a probate homestead selected after the death of the decedent, particularly where the property is indivisible. When the circumstances are such that the court is left with no alternative, it may without abusing its discretion select the family home regardless of its value, where a division cannot reasonably be made.

█ It is apparent in the instant case that a homestead could have been selected and carved out of the premises and excluding therefrom the rental houses and income property. These rental premises, as distinct from the main home are not a necessary adjunct thereto, and can be divided therefrom without injury to or depriving the main house of its homestead character.

The cause is reversed and remanded with instructions to vacate the order setting aside the entire tract as a homestead, and for further proceedings not inconsistent with this opinion.

PHELPS, LAPRADE, UDALL and WINDES, JJ., concur.