325 P.2d 881

E. O. PHLEGAR and Lucille K. Phlegar, his wife, Appellants,

v.

Marie L. ELMER, formerly known as Marie L. Williams, a divorced woman, and formerly known as Marie L. Smith; County of Maricopa, Arizona, and State of Arizona, Appellees.

No. 6372.

Supreme Court of Arizona.

May 21, 1958.

Carl W. Divelbiss and Melvin J. Owens, Phoenix, for appellants.

Milton L. Ollerton, Phoenix, for appellee Marie L. Williams.

WINDES, Justice.

The dispute here is whether the trial court was correct in rendering a summary judgment in favor of appellee Marie L. Elmer, defendant and counter-claimant below, against appellants E. O. Phlegar and his wife, plaintiffs below, to quiet title to certain real property. Validity of the judgment must be tested by the facts reflected in the record.

Appellee is the former wife of one Thad G. Smith. While they were husband and wife, appellants in January, 1949, filed suit against them and attached the property in question. Mrs. Smith filed a declaration of homestead on the property and a few days thereafter filed suit for divorce against Mr. Smith. In August, 1949, Mrs. Smith was granted a divorce and awarded the property involved. Thereafter, judgment was ren-

dered against appellee and Smith in favor of appellants, execution issued, sheriff's sale had and sheriff's deed issued to appellants.

The question presented is whether under the foregoing facts the sheriff's sale and deed are invalid by reason of the homestead exemption filed by Mrs. Smith before she was divorced. Appellee concedes the only possible basis for the court's judgment was that this declaration of homestead prevented the sale to satisfy the judgment.

Section 33–1101, A.R.S., provides:

"Every head of a family whose family resides within the state may hold as a homestead, exempt from attachment, execution and forced sale, real property * * * not exceeding eight thousand dollars in value * * *."

There can be no question that before one may lawfully hold a homestead free from execution, he must be the head of a family. Lobban v. Vander Vries Realty & Mortgage Co., 48 Ariz. 180, 60 P.2d 933. What constitutes a family to qualify one for the exemption from execution is set forth in that case, quoting from Union Trust Co. v. Cox, 55 Okl. 68, 155 P. 206, 210, L.R.A.1917C, 356, as follows:

"Bearing in mind that in order to constitute a family there must be (1) a social status, (2) there must be a head who has a right, at least in a limited way, to direct and control those gather-

ed into the household, and (3) this head must be obligated either legally or morally to support the other members, and (4) there must be a corresponding state of at least partial dependence of the other members for this support."

The family before the divorce consisted only of the husband and wife, but appellee's contention is that she is nevertheless entitled to the benefit of the homestead exemption. She bottoms this contention upon the provisions of section 33–1104, A.R.S., which states that a "homestead may be abandoned only by a declaration of abandonment or waiver, or by a grant thereof * * *."

These two sections of the homestead law must be construed together in order to accomplish the main purpose of the act. To permit appellee to hold this property after the family is completely dissolved by divorce would violate the express provisions of section 33–1101, supra, and be directly contrary to the overall purpose of the act. The only reasonable construction is: no family, no exemption. There is involved no question of abandonment. After the family is adjudicated dissolved and the right to hold as a homestead is dissipated, there is nothing to abandon. The quoted section providing for abandonment necessarily assumes the existence of a valid homestead right. Legally, there is no such thing as abandonment or waiver of a right that does not exist.

While there is some apparent conflict in the decisions on the question of whether a divorce that operates to completely dissolve the family (the foundation of the homestead right) likewise operates to render invalid a former declaration of homestead for the protection of the dissolved family, the better rule is that after such a divorce the right to exemption does not continue. Tanton v. State National Bank, 125 Tex. 16, 79 S.W.2d 833, 97 A.L.R. 1093; Shoemake v. Chalfant, 47 Cal. 432; Annotation 36 A.L.R. 431 and 97 A.L.R. 1095. We hold, therefore, that appellee was not entitled to claim the property exempt under the declaration of homestead made prior to her divorce from Smith.

After divorcing Smith appellee married one Fred Elmer from whom she likewise was divorced. After such divorce she again declared a homestead on the property claiming to be the head of a family consisting of herself, her mother and her father. The dependency of appellee's parents is denied by appellants and it is conceded that if she is not entitled to exemption under the first declaration, her right thereto under the second declaration will have to be tried.

Judgment reversed with instructions for trial on disputed issues.

UDALL, C. J., and PHELPS, STRUCKMEYER and JOHNSON, JJ., concurring.