In re Richard V. AGETON, Jr. and Opal B. Ageton, Debtors.

Richard V. AGETON, Jr. and Opal B. Ageton, Plaintiffs,

v.

Edward CERVENKA and Sylvia Cervenka, Defendants.

Bankruptcy No. 80–0041.

United States Bankruptcy Court, D. Arizona.

July 24, 1980.

Robert C. C. Heaney, Tucson, Ariz., for defendants.

Bruce Bridegroom, Tucson, Ariz., trustee.

Patricia H. Wendel, Tucson, Ariz., for plaintiff.

MEMORANDUM OPINION

WILLIAM A. SCANLAND, Bankruptcy Judge.

The debtors, Ageton and Ageton, on February 5, 1980, filed a petition for relief

under Chapter 7 of the Bankruptcy Code. After an amendment, the husband, Richard V. Ageton, Jr., claimed a $20,000.00 homestead exemption on Schedule B–4 under A.R.S. § 33–1101 (1956). His spouse, Opal B. Ageton, filed a homestead exemption of $7,500.00 under 11 U.S.C. § 522(d)(1). In open court the parties stipulated that the residence of the debtors claimed as exempt is community property, has a value of $52,-900.00, and is subject to a mortgage in the amount of $25,659.11 as of November 1, 1979. This leaves an equity of $27,240.89, all or part of which is claimed exempt.

Prior to the filing of the petition under Chapter 7, the defendants Cervenka and Cervenka on November 9, 1979, took a judgment against the debtors in the amount of $27,194.07, together with accruing interest in the Superior Court of the State of Arizona in and for the County of Pima. An abstract of this judgment was duly recorded in the Office of the Pima County Recorder. On January 21, 1980, Ageton and Ageton filed a homestead exemption in the Office of the Pima County Recorder under A.R.S. § 33–1101 (1956). The debtors can avoid the judicial lien of the Cervenkas under § 522(f)(1) upon the equity in their residence that is exempt.

The issue before the Court is whether or not each of the spouses can claim a homestead exemption, one under the state law and one under § 522(d) of the Bankruptcy Code, 11 U.S.C. § 522(d). This issue will be moot after July 30, 1980, as the Arizona legislature passed appropriate legislation effective that date prohibiting an Arizona resident from electing to claim the federal exemptions. See A.R.S. § 33–1133(B) (1956), as amended, Laws 1980, ch. 59, § 1.

The Report of the Commission on Bankruptcy proposed that Congress supersede existing state and federal exemptions and pass appropriate legislation creating a uniform set of federal bankruptcy exemptions. See Report of the Commission on Bankruptcy Laws of the United States, July 1973, p. 179. The House version of the Code rejected this approach and proposed creating new federal exemptions allowing debtors to elect to take exemptions of their choice, that is, either the state or the federal. See § 522(b) of H.R. 8200, 95th Cong. 1st Sess., Sept. 8, 1977. This House Report No. 95–595, at p. 126, U.S.Code Cong. & Admin. News 1978, pp. 5787, 6087, states, "Thus, the bill continues to recognize the States' interest in regulating credit within the States, but enunciates a bankruptcy policy favoring a fresh start."

Section 522(b) of the Bankruptcy Code, 11 U.S.C. § 522(b) as enacted provides, ". . . an individual debtor may exempt from property of the estate either—(1) property that is specified under subsection (d) of this section . . . or, in the alternative, (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition . . . and (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law." Section 522(m) reads, "This section shall apply separately with respect to each debtor in a joint case."

This Court believes that it must be first determined what homestead exemption the debtors or each of them are entitled under state law. The first homestead exemption was provided for residents of Arizona in the Compiled Laws of the Territory of Arizona, Bashford, 1871. This legislation provided that a householder, upon a levy being made upon his land or tenements, may notify the officer at the time of making such levy of what he regards as his homestead. This legislation provides for a $5,000.00 homestead exemption. In 1907 the Legislature passed an amendment to the homestead exemptions, Laws of 1907, § 1 to the effect that every person who is a head of a family and whose family resides within the territory may hold as a homestead . . . real property to be selected by him or her . . . not to exceed the value of two thousand five hundred ($2,500.00) dollars . . .

Section 3 provided that the claim of homestead provided for in this Act may be made by the husband, or by his wife, or by any unmarried person who is the head of a family. This phrasing was used in later legislation but the value of the homestead was increased. The most recent enactment made in 1971 by the Arizona Legislature, A.R.S. § 33–1101 (1956). This statute reads, "[a]ny person the age of eighteen or over, married or single, who resides within the state may hold as a homestead exempt . . . ." Subparagraph (C) reads in part as follows: "Only one homestead may be claimed by a married couple or a single person under the provisions of this section." The 1971 amendment, § 33–1102(B) provides that "If the claimant is married, the homestead may be selected from the community property, joint property or from the separate property of either spouse. Both husband and wife shall join in making claim of community or joint property." This is a radical change from the prior law in that since this amendment the wife must join in making the Declaration of Homestead.

Section 522(b) and (m) gives each debtor filing a joint petition the right to elect the federal exemption under § 522(d) or whatever exemption the debtor is qualified to claim under the applicable state law. Each debtor may choose the state exemptions but must abide by the state rules to obtain the state protection. There is no evidence of a congressional intent to disturb the prerequisite that the debtor must comply with applicable state law in order to claim the given state exemptions. It is clear that the two spouses can not claim two sets of state exemptions under A.R.S. § 33–1101(C) (1956) as amended in 1971. From 1907 to 1971 a head of a household under the Arizona State Law could claim the homestead, but the claim by one spouse, i. e., the head of the household, was for the benefit of both spouses and the family. The 1971 amendment is consistent with our Arizona community property law in which the wife has to join with her husband to abandon, encumber or otherwise dispose of real property, A.R.S. § 25–214 (1956). Such a requirement of both spouses having to claim a homestead exemption is to protect the family. Our Arizona Supreme Court has reiterated this in several cases. *First National Bank of Mesa v. Reeves*, 27 Ariz. 508, 234 P. 556 (1925); *Union Oil Co. of Arizona v. Norton Morgan Commercial Co.*, 23 Ariz. 236, 202 P. 1077 (1922); *Ferguson v. Roberts*, 64 Ariz. 357, 170 P.2d 855 (1946); *In re Stranger's Estate*, 75 Ariz. 399, 257 P.2d 593 (1953); *Phleger v. Elmer*, 84 Ariz. 204, 325 P.2d 881 (1958). Our present statute, § 33–1101(C), does increase the homestead exemption to $20,000.00, Laws, 1977, ch. 106, § 1, and retains the original wording of the 1971 amendment. It is clear that under our Arizona homestead law the claim of homestead may be made by a married couple for the benefit of the marital community, but that both spouses must join in claiming the homestead in community or joint property, and this Court so holds.

The Arizona Supreme Court in *Wuicich v. Solomon-Wickersham Co.*, 18 Ariz. 164, 157 P. 972 (1916) recognized that homesteads are purely statutory and that absent any ambiguity the wording of the statute must be adhered strictly. If there were ambiguities then cases construing similar statutes could be looked to. This Court does not believe there is any ambiguity in the Arizona homestead statute § 33–1101, as amended in 1971.

A review of the debtors' schedules shows that the husband claims the homestead exemption under Arizona statute A.R.S. § 33–1101 (1956), as amended. This Court believes that the wife must join him in claiming this homestead and so finds. Upon her joining in the homestead exemptions under the state statute, she may not then claim a separate federal exemption. Section 522(m) does not state that one spouse is entitled to claim both a state and federal exemption. The legislative history shows that each debtor is entitled to claim his or her state or federal exemption to which he or she is entitled. If the debtors do not claim the homestead exemptions under the Arizona state law, then each debtor would be entitled to claim the separate fed-

eral exemption under § 522(m). See H.R. No. 95–595, 95th Cong., 1st Sess. (1977), p. 363, U.S.Code Cong. & Admin.News, p. 6318.

For authority that claimants to the Arizona homestead exemption must satisfy the conditions precedent thereto provided by the statute, see *Elquest Paint Co. v. Collister*, 45 Ariz. 194, 41 P.2d 1088. The reasoning that both parties must join in the homestead exemption is borne out by the claim of personal property exemptions. In A.R.S. § 33–1121 (1956) Supp., a debtor is defined as "means an individual or marital community utilizing property described in this article for personal or family use."

IT IS ORDERED that the debtors are given twenty (20) days from date to amend their Schedules B–4 to provide that both debtors claim state homestead exemptions of $20,000.00, or in the alternative that each claim the federal homestead exemption of $7,500.00.

Debtors' attorney IS ORDERED to prepare an appropriate form of judgment.