**In the Matter of Richard Alan BROSIUS and Kathy Millicent Brosius, Debtors.**

**Bankruptcy No. LA 80–05551 RM.**

United States Bankruptcy Court,
C. D. California.

Dec. 22, 1980.

Curtis B. Danning, trustee, Los Angeles, Cal., in pro. per. through Richard K. Diamond, Los Angeles, Cal.

Andrew F. Leoni of Slate & Leoni, Los Angeles, Cal., for debtors.

## MEMORANDUM OPINION

RICHARD MEDNICK, Bankruptcy Judge.

On June 13, 1980, Kathy Millicent Brosius and Richard Alan Brosius filed a joint petition under Chapter 7 of the Bankruptcy Code. On July 7, 1980, Curtis B. Danning was appointed and now is the acting Trustee in the case.

On the petition, Mrs. Brosius elected the California set of exemptions under 11 U.S.C. § 522(b)(2), and claimed the "Head of Family" interest in the family residence pursuant to California Civil Code § 1240 in the amount of $15,500. Mr. Brosius elected the federal bankruptcy exemptions pursuant to § 522(b)(1), and claimed as exempt under § 522(d)(5) his interest in a 1977 Dodge Van, a cash register, an air pump, a 1963 El Con Mobile Home, a 1969 Kawasaki motorcycle, a 1974 AMC motor vehicle, and a Macaw parrot, for a total value of $3,500. Mr. Brosius did not claim any portion of the real property exempt, nor did Mrs. Brosius claim any portion of these items of personal property.

The Trustee filed a timely objection to Mr. Brosius' claim of exemption of the personal property contending that the election of the California homestead exemption by one spouse is for the benefit of both, and precludes the other spouse from claiming the federal bankruptcy exemptions pursuant to § 522(b)(1).

The parties have stipulated that on the date of the filing of the petition, the debtors owned and occupied a single family residence located at 9108 Alburtis Avenue, Santa Fe Springs, California, which was subject to a valid declaration of homestead (California Civil Code § 1237 et seq.) and that they were the owners of the personal property claimed exempt by Mr. Brosius.

The issue before the Court is whether the claiming of the California "Head of Family" homestead exemption by one spouse as part of the slate of state exemptions under § 522(b)(2) precludes the other spouse from claiming the federal bankruptcy exemptions pursuant to § 522(b)(1).

Section 522(b) provides in part:

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable . . . (emphasis added)

Under this section, an individual debtor may choose the federal exemptions prescribed in § 522(d), or he may choose the exemptions to which he is entitled under state law and other federal law. Exemptions in a joint case are governed by § 522(m) which states: "This section shall apply separately with respect to each debtor in a joint case." The legislative history indicates that each debtor is entitled to the federal exemptions provided under § 522(b) or to the State exemptions, whichever the debtor chooses. House Report No. 95–595, 95th Cong., 1st Sess. 363 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

The Trustee asserts that under California law, the selection of the homestead is for the benefit of both spouses, concluding that since Mr. Brosius receives a benefit as a result of his spouse's election of the California homestead, he cannot also receive the benefits of the federal Bankruptcy exemptions. Case law holds that the California homestead exemption extends to the entire interest of both spouses in the property. *Strangman v. Duke*, 140 Cal.App.2d 185, 295 P.2d 12 (1956); *Schoenfeld v. Norberg*, 11 Cal.App.3d 755, 90 Cal.Rptr. 47 (1970). However, under the California Homestead

Act (C.C. § 1237 *et seq.*), although it is not necessary for both spouses to join in executing and claiming the homestead exemption, it is always filed for the joint benefit of both spouses. C.C. §§ 1262, 1263. Under California law, there appears to be no provision for a married person to file a homestead for his or her own benefit absent legal separation. C.C. § 1300.

The Trustee cites the case of *Ageton v. Cervenka*, 5 B.R. 323, 6 B.C.D. 706 (Bkrtcy. D.Ariz.1980), which held that although each joint debtor may separately claim exemptions, they must abide by state rules. *Ageton* turns on an interpretation of the Arizona homestead law which requires both spouses to join in executing and claiming the state homestead exemption. Since the wife in that case was required to join her husband in claiming the homestead exemption, she could not additionally claim separate federal exemptions. As stated previously, California law does not require a joint declaration of homestead. In *Ageton*, the Bankruptcy Court stated: "The Arizona Supreme Court in *Wuicich v. Solomon–Wickersham Co.*, 18 Ariz. 164, 157 P. 972 (1916), recognized that homesteads are purely statutory and that absent any ambiguity, the wording of the statute must be adhered strictly." 5 B.R. 323, 6 B.C.D. at 707. California's policy, on the other hand, is to liberally construe the exemption in favor of the debtor. *Warner v. Warner*, 144 Cal. 615, 78 P. 24 (1904).

The policy differences between Arizona and California are further emphasized by the fact that prior to the time *Ageton* was decided, the Arizona legislature acted to eliminate the use of the federal bankruptcy exemptions by Arizona residents.[1] That legislation became effective 26 days after the *Ageton* Case was decided. California has not passed similar legislation.

It is the Trustee's position that since Mrs. Brosius chose the California "Head of Family" homestead exemption for the benefit of both spouses, her husband must also elect the State exemptions. The effect of this position is to deny Mr. Brosius his right, pursuant to 11 U.S.C. § 522(m), to claim the exemptions of his choice, and force him to elect the California exemptions. But exemption rights are personal to the debtor. *In re Schuller*, 108 F. 591, 6 Am.B.R. 278 (D.C.Wisc.1901). He cannot be forced to claim them except in certain limited circumstances not relevant here.[2] Were it the intent of the California legislature to force its residents to claim only the state exemptions, it could have passed appropriate legislation.[3]

There is no legislative direction or authority which specifically limits the debtors' choices in this situation. Congress intended that in a joint case, each debtor shall be entitled to exemptions. It did not intend to grant less to joint petitioners than to individual petitioners. As a matter of fact, Congress was aware of the ramifications of the interplay between Sections 522(b) and 522(m):

H.R. 8200, the House version of this bill contains a provision for exemptions that would allow the debtor to choose between state law or federal exemptions as set by the bill, whichever is higher. H.R. 8200 would establish 11 categories of property for the federal exemption, among which is a homestead exemption of $10,000. Such a provision in joint cases would result in a husband choosing state exemptions while a wife might choose federal exemptions. Together they could thus retain after bankruptcy, very substantial amounts of property, while their debts would have been discharged. The committee feels that the policy of the bank-

---

1. The Bankruptcy Code does not preclude each state from eliminating the use by its residents of the federal exemptions provided by § 522(d). 11 U.S.C. § 522(b)(1).

2. 11 U.S.C. § 522(*l*) provides that a dependent of the debtor may claim an exemption of the debtor if the debtor fails to do so.

3. California has not passed legislation limiting the use of federal exemptions in bankruptcy for its residents. It is significant to note that in February, 1980, after the effective date of the Bankruptcy Act of 1978 (the Code), the legislature increased the amount of the California homestead exemption to $45,000.

ruptcy law is to provide a fresh start, but not instant affluence, as would be possible under the provisions of H.R. 8200. Senate Report No. 95–989, 95th Cong., 2d Sess. 6 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5792.[4]

In this case, the husband is claiming exempt certain personal property pursuant to § 522(d)(5) which allows the debtor to exempt $400 plus the unused portion of the homestead exemption in any property. He is not seeking to exempt a portion of the equity in the family home. This was also the case in *In re Collins*, 5 B.R. 675, 6 B.C.D. 834 (Bkrtcy.N.D.Cal.1980), where the wife claimed the California homestead exemption and the husband was permitted to claim exempt $7,900 in a credit union account pursuant to § 522(d)(5). The right given to each joint debtor by 11 U.S.C. § 522(m) to choose a separate set of exemptions has even been upheld where the exemptions are claimed in the same property and result in a greater exemption than California law permits to a married couple not in bankruptcy. *In re Ancira*, 5 B.R. 673, 6 B.C.D. 864 (Bkrtcy.N.D.Cal.1980).[5]

The Court finds that the election by Mrs. Brosius of the California set of exemptions which includes the "Head of Family" exemption neither requires the election of the California exemptions by Mr. Brosius nor precludes his selection of the federal bankruptcy exemptions.

The Trustee's objection to the exemption of the personal property claimed by Mr. Brosius is overruled.

This memorandum opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 752(a).

---

**4.** The amount of homestead exemption was reduced in the final legislation from $10,000 to $7,500. 11 U.S.C. § 522(d)(1).

**5.** In *Ancira*, the husband claimed the California "Head of Family" homestead exemption in the amount of $30,000. The wife elected federal

exemptions and claimed an additional $7,500 of equity in the family residence, for a combined exemption in the real property of $37,500. The maximum permitted at that time to the couple had they not been in bankruptcy was $30,000.