**In re Gordon King SMITH, fdba Gordon Smith Insurance, and Marilyn Collette Smith, aka Marilyn Collette Mannisto, aka Marilyn Higgins, Case No. 80–01768–M, Debtors.**

**Gordon King SMITH and Marilyn Collette Smith, Plaintiffs,**

**v.**

**BANK OF GLENWOOD and Philip J. Giacinti, Jr., Trustee, Defendants.**

**Bankruptcy No. C80–0325–M.**

United States Bankruptcy Court, S. D. California.

Dec. 30, 1980.

James McCafferty, San Diego, Cal., for debtors.

Philip J. Giacinti, Jr., San Diego, Cal., trustee.

MEMORANDUM OPINION REGARDING AVAILABILITY OF FEDERAL EXEMPTIONS TO JOINT DEBTORS IN CALIFORNIA COMMUNITY PROPERTY

JAMES W. MEYERS, Bankruptcy Judge.

I

This controversy concerns the extent to which joint debtors under Chapter 7 of the United States Bankruptcy Code ("Code") may avail themselves of the exemptions provided for under Section 522(d) of the Code. See 11 U.S.C. § 522(d). On July 3, 1980, the debtors filed their Chapter 7 petition. The trustee herein, Mr. Philip J. Giacinti, Jr., filed his objection to the debtors claims of exemption contained in their petition, on August 26, 1980.

On August 8, 1980, the debtors filed this complaint, which, among other things, requested declaratory relief regarding their claims of exemption. It was determined to resolve the questions raised by the trustee in the context of the decision in this declaratory relief action.

The matter came on for a hearing before this Court and was treated as a motion for summary judgment. After hearing the arguments of counsel the matter was taken under submission and this opinion is filed to announce this Court's decision.

II

FACTS

The debtors resided in Colorado prior to their arrival in California. Upon the filing of their joint petition they sought to exempt certain items of property. Their exemption claim was comprised of their equity in two automobiles totaling $2600, certain household goods with a stated value of

$4000, cash in the amount of $3200 and proceeds from the sale of their former Colorado residence.[1]

Each of the debtors claimed federal exemptions set forth in Section 522(d) of the Code, as follows:

| PROPERTY | DEBTORS' EQUITY | EXEMPTION CLAIMED AMOUNT | SECTION |
|---|---|---|---|
| 1967 BMW Auto | $ 1,400 | $ 1,200 | 522(d)(2) |
| 1967 Mercedes Auto | 1,200 | 1,200 | 522(d)(2) |
| Household Goods | 4,000 | 4,000 | 522(d)(3) |
| Cash | 14,952 | 14,952 | 522(d)(5) |
| Balance of Equity From 1967 BMW | 200 | 200 | 522(d)(5) |

The trustee has not contested the exemption claims made on the automobiles or the household goods. However, he has challenged the claims made under Section 522(d)(5), the "wild card"[2] section, for cash assets and the remaining non-exempt equity in the 1967 BMW automobile, which have a total value of $15,152.

It should be noted that the status of property claimed as exempt is not at issue, as the parties agree that all the property in question is either community or quasi-community property.

### III

### ISSUE PRESENTED

The extent of the availability of federal exemptions under Section 522(d) to joint debtors in their community property.

### IV

### DISCUSSION

In opposition to the debtors' exemption claims the trustee questions whether Section 522(m) allows joint debtors to cumulate, or "stack", the exemptions made available in Section 522(d) where community property is involved. *See* 11 U.S.C. § 522(d), (m). The trustee, of course, asserts that this cannot be done. In support of this position he correctly states that the

community property interests of joint debtors under California law are present, existing and equal and the spouses have an equal right to management and control. *See* Cal.Civ.Code §§ 5105, 5125(a) (West); *In re Marriage of Brigden*, 80 Cal.App.3d 380, 389, 145 Cal.Rptr. 716 (1978). Based upon this premise, the trustee then argues that the federal exemptions are not subject to cumulation by joint debtors when community property interests are involved, for those interests are not divisible. He would require *each* spouse to claim the same property as exempt in order to perfect the federal exemption.

The debtors do not agree, placing reliance on Section 522(m) of the Code. This section provides that the exemptions in Section 522 "shall apply separately with respect to each debtor in a joint case". *See* 11 U.S.C. § 522(m).

The trustee's argument is not well taken for the availability of the Section 522(d) exemption rights to each joint debtor appears settled. *See* 11 U.S.C. § 522(m); *In re Thompson*, 2 B.R. 380, 381, 5 B.C.D. 1302 (Bkrtcy.E.Va.1980); *In re Ageton*, 5 B.R. 323, 324-25, 6 B.C.D. 706, 707 (Bkrtcy.Ariz. 1980); *In re Lucero*, 4 B.R. 659, 2 C.B.C.2d 532, 534 (Bkrtcy.Colo.1980). *See also* H.R. Rep.No.95–595, 95th Cong., 1st Sess. 363 (1977) (cited in the original as subsection (n)) ("House Report") U.S.Code Cong. & Admin.News 1978, p. 5787; 3 *Collier on Bankruptcy*, ¶ 522.05[5] (15th ed.); Hughes, *Code Exemptions: Far Reaching Achievement*, 28 De Paul L.Rev. 1025, 1028 n.16 (1979). Nothing in Section 522 suggests that exclusive use of the *federal* exemptions in a joint case hinges on whether the property sought to be exempted is community or separate property. Section 522, rather, speaks only of "property", and given the obvious rights afforded joint debtors by Section 522(m), this Court will not read into the section limitations not even hinted at by

---

1. The amount of sales proceeds generated from the debtors' Colorado property was not known at the time the debtors filed their petition. Net proceeds of $11,752 were subsequently realized from the sale.

2. As the term is used by Judge Cowans. *See* D. Cowans, *Bankruptcy Law and Practice*, 200 (Interim.Ed.1980).

Congress when it enacted the Code. *See Matter of Upright*, 1 B.R. 694, 701, 5 B.C.D. 1124, 1128 (Bkrtcy.N.N.Y.1979). Therefore, debtors in a joint case may cumulate, or "stack", their federal exemption claims. *See In re Ancira*, 5 B.R. 673, 674, 6 B.C.D. 864 (Bkrtcy.N.Cal.1980) (stacking of federal and state exemptions).

■ However, this does not end our inquiry, for Section 522(d)(5), on which the debtors rely, is limited to claims of exemption on the "debtor's aggregate interest" in property. 11 U.S.C. § 522(d)(5). Given that exemption statutes are to be liberally construed,[3] then the term "aggregate interest" should be defined to encompass the *total interest* that a debtor has in a particular piece of property. To determine the exact interest of an individual spouse in community property we must again refer to California law. As stated above, in California the community property interests of joint debtors are present, existing and equal. Also neither spouse can force a division of the community property until death or divorce. *See In re Scott* (Bkrtcy.S.Cal. Oct. 24, 1980, slip op. at 7). It is this indivisibility feature on which the trustee focuses, for he would have this Court construe this aspect of community property rights to invalidate any exemption claim not joined in by both debtors.

However, under the Code the divisibility of community property is of no significance. Under the Bankruptcy Act it was of considerable consequence in determining what property came into the estate. This was because the trustee took no better title or right in property than held by the bankrupt. *Compare Hannah v. Swift*, 61 F.2d 307 (9th Cir. 1932), *with Smedberg v. Bevilockway*, 7 Cal.App.2d 578, 46 P.2d 820 (1935). The failure of the trustee to have complete title to the entire *corpus* of the community property was often cited by non-filing spouses as grounds to deny any of the property to the estate.

3. *See e. g., Knox v. Lines*, 463 F.2d 561, 566 (9th Cir. 1972).

4. Assuming that no residence exemption is claimed under Section 522(d)(1). 11 U.S.C. § 522(d)(1).

Under the Code there is no question regarding the estate's right to community property. The commencement of a bankruptcy case under the Code, creates an estate which includes:

> (1) . . . . all legal or equitable interests of the debtor in property as of the commencement of the case.
>
> (2) *All interests of the debtor and the debtor's spouse in community property* as of the commencement of the case that is—
>
>> (A) under the sole, equal, or joint management and control of the debtor; or
>>
>> (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable. (emphasis added).

11 U.S.C. § 541(a). Once property comes into the estate, an individual debtor may claim an exemption in it under Section 522. The Court will then determine what property may be exempted and what remains property of the estate.

■ Since there is no question that community property interests come into the estate, then divisibility is not an issue. The only limitation on the exemptions provided by Section 522(d)(5) is that claims under this section cannot total more than $7900,[4] in the "value" of the debtor's aggregate interest in any property. 11 U.S.C. §§ 522(d)(1), (5). Even though the interest claimed exempt is in community property the Court can place a value on it. Under Section 5105 of the California Civil Code each debtor has an "equal", or one half, interest in each piece of community property and this aggregate interest should be valued accordingly. *See* Reppy, *Community Property in California*, 217 (1980); *In re Goetz*, 28 F.Supp. 689, 690 (W.Ky.1939).[5]

5. This evaluation is in accord with state law, for while community property is normally viewed as being indivisible in nature, state law recognizes that when the community is terminated each spouse is generally entitled to one half of the community assets. *See* Cal.Civ.

Therefore, each joint debtor has an interest in each piece of community property valued at 50% of the total fair market value as of the date the petition in bankruptcy is filed. Thus, under Section 522(d)(5) each joint debtor may use any remaining portion of this "wild card" exemption to protect an interest in separate property or in their half interest in any piece of community property. However, if only one joint debtor claims an exemption in an item of community property, no more than 50% of the value of the property can be set aside for the debtors as exempt. *See In re Lambert,* 6 B.C.D. 1124, 1125 (N.Ind.1980) (property held as tenants by entireties).

█ If the value of the property is in excess of the amount of the debtors' exemption claims, then the property should be sold and the exemption claim satisfied out of the proceeds of the sale. *See Levin v. Mauro,* 425 F.Supp. 205, 207 (Mass.1977). This procedure is in accord with long standing practice and with Congressional intent in enacting the Code. *See Bank of Nez Perce v. Pindel,* 193 F. 917 (9th Cir. 1912); *House Report, supra,* at 177, 368.[6]

█ Here each debtor has apparently claimed as exempt their individual interests in the community property in question. Since neither has claimed any residence exemption under Section 522(d)(1) and the total value of the property is less than $15,800, then the entire exemption is allowed.

In reaching the decision that joint debtors can stack federal exemptions in community property it should be noted that questions regarding the exclusive use of state exemptions or the combined use of state and federal exemptions by joint debtors are not at issue here. With respect to these possibilities, particularly the use of state exemptions by one joint debtor and federal exemptions by the other, state law may have a decisive impact. *See In re Ageton,*

*supra,* 5 B.R. at 325, 6 B.C.D. at 707; *In re Scott, supra,* slip op. at 8. In this regard, some conflict has already arisen with respect to homesteads allowed under state law, and the residential exemption contained in Section 522(d)(1). *Compare In re Ageton, supra,* 5 B.R. at 325, 6 B.C.D. at 707; *In re Scott, supra,* slip op. at 8, *with In re Ancira, supra,* 5 B.R. at 673, 674–75, 6 B.C.D. at 864, 865.

## V

### CONCLUSION

The trustee's objection to the exemptions claimed by the debtors is overruled. Counsel for the debtors will prepare an appropriate proposed judgment within ten (10) days of the filing of this opinion.

---

Code § 4800 (division upon dissolution or legal separation) (West). *See also* Cal.Prob.Code § 201 (one half of community property subject to testamentary disposition) (West); *United States v. Overman,* 424 F.2d 1142 (9th Cir. 1970) (availability of one half interest in community assets to satisfy federal tax lien).

**6.** It should be noted that Section 363(i) gives a non-filing spouse the right of first refusal to purchase community property from the estate. 11 U.S.C. § 363(i).