In re Roscoe **MORRISON** and **Thelma Morrison; Roscoe Morrison and Thelma Morrison dba Price Rite Motors, Debtors.**

**Bankruptcy No. B–80–0411–PHX–RGM.**

United States Bankruptcy Court, D. Arizona.

Aug. 28, 1981.

---

Allan D. NewDelman, Phoenix, Ariz., for debtors.

Jon N. Vogel, Scottsdale, Ariz., for trustee.

## OPINION AND ORDER

ROBERT G. MOOREMAN, Bankruptcy Judge.

This controversy arises from the trustee's objection to homestead exemptions. The issue in this case is whether the state $20,-000 homestead exemption can be tacked upon the $7,500 federal "wild card" exemption. This issue is now moot in future cases in Arizona because of a change in Arizona exemption statutes. In the instant case, the debtors, Roscoe Morrison and Thelma Morrison, filed a joint petition under Chap-

ter 11 of the Bankruptcy Code on March 11, 1980, and thereafter, on November 18, 1980, the debtors' petition was converted to a Chapter 7 proceeding. In an amended schedule to the original petition, Mrs. Thelma Morrison chose to claim the federal exemption then in effect under 11 U.S.C. § 522(d), generally described as the $7,500 "wild card" exemption on real or personal property, on the couple's residence. Mr. Roscoe Morrison, in contrast, elected to claim the Arizona state exemption and in particular, he claimed the $20,000 homestead exemption on the couple's residence under A.R.S. § 33–1101(A)(1), thereby tacking upon the $20,000 claim the $7,500 wild card exemption claimed by his wife.

The trustee filed an objection to the debtors' tacking or stacking of state and federal exemptions and relied on the decision in the case of *Ageton v. Cervenka,* 5 B.R. 323, 6 B.C.D. 706 (Bkrtcy.D.Ariz.1980), referred to as *Ageton I,* which held tacking impermissible. The theory of *Ageton I* was that A.R.S. § 33–1101 required that spouses must join in claiming the $20,000 homestead exemption in community property thereby effectively precluding the alternative election of state and federal exemptions by spouses in a joint petition. The *Ageton I* decision was appealed to the United States Appellate Panels and was decided conversely thereto on July 24, 1981, B.A.P. No. 80–1036–HLK, the opinion of which is referred to as *Ageton II* herein. In correcting *Ageton I,* the appellate court stated:

> The failure of Congress to provide specific limitations upon the use of state and federal exemptions and its intent favoring fresh starts for debtors should be cornerstones from which we should interpret the Code. With this in mind we hold that Mr. Ageton may claim $20,000 equity in the home as exempt under state law and allow Mrs. Ageton to exempt an additional $7,500 equity under federal exemptions.

Also cited by the appellate court was *In Re Ancira,* 5 B.R. 673 (Bkrtcy.N.D. CA 1980) which approved the stacking of state and federal homestead exemptions thereby in-

terpreting the statute liberally in favor of the debtors.

In addition to the analysis provided in *Ageton II,* and *Ancira, supra,* we wish to add the following in support of the stacking of state and federal exemptions.

The dispute in issue revolves around the interaction of state homestead exemption laws with federal law, 11 U.S.C. § 522(m). Section 522(m) of the Bankruptcy Code states:

This section shall apply separately with respect to each debtor in a joint case.

A review of the legislative history of this section is found in House Report No. 95–595, 95th Cong., 1st Sess. (1977) 363, U.S. Code Cong. & Admin.News 1978, 5787, 6319, and provides:

Subsection [(m)] provides the rule for a joint case; each debtor is entitled to the federal exemptions provided under this section or to the state exemptions, whichever the debtor chooses.

The express language of the Bankruptcy Code, § 522(m), and the relevant legislative history allow each individual debtor the right to choose between the state and federal exemption schemes and no condition is placed upon the right to tack one upon the other.

Under 11 U.S.C. § 522(b)(1), the states were allowed to enact legislation requiring its citizens to elect only the state exemptions and the State of Arizona has done so by enacting A.R.S. § 33–1133(B). (This legislation affects only cases commenced after July 30, 1980, and as stated, is not applicable here but is imposed on future cases in Arizona.) In resolving the problems of the instant case, it is apparent that Congress originally granted the choice between state and federal exemption schemes to each individual debtor. The result in *Ageton I* was that under the prior law a married couple filing a joint petition in Arizona could claim either one $20,000 state exemption or two $7,500 federal exemptions, but the possibility of one spouse claiming the state exemption and the other spouse claiming the federal exemption was interpreted as being prohibited under Arizona community prop-

erty law. Thus, the express option of Section 522(m) that one spouse may choose the state exemption and the other spouse the federal exemption was held not proper under *Ageton I.* It cannot be fairly argued that it was the intent of Congress to discriminate against debtors in community property states, which require joinder in claiming exemptions, to prevent the claiming of state and federal exemptions. The reasoning adopted here to allow each debtor a choice was followed in *In Re Brosius,* 7 B.R. 811 (Bkrtcy.C.D. CA 1980). Therein it was noted that exemption rights are personal to each individual debtor, and that no congressional intent could be found to justify granting joint petitioners any less than individual petitioners. The more recent case of *In Re Brents-Pickrell,* 12 B.R. 352, C.C.H. Bankruptcy Law Reports ¶ 68,227 also gives further weight to the authorized stacking of federal and state exemptions. There the California Bankruptcy Court stated:

The Bankruptcy Code, however, grants each debtor the right to separately choose which body of exemption laws to use, either federal or state. If the state residential exemption law is in conflict with this choice granted by Congress to each spouse, then state law must give way to the code, under the Supremacy Clause.

The resolution of conflicts between community property concepts and federal interests has been dealt with by the United States Supreme Court. In the decision of *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), the court in resolving an issue on retirement benefits set forth certain guidelines in determining when a state must defer to the federal statutory scheme where its statutes based on community property concepts are in conflict with federal objectives. The court stated:

The pertinent questions are whether the right as asserted conflicts with the express terms of federal law and whether its consequences sufficiently injure the objectives of the federal program to require non-recognition.

The Bankruptcy Code, 11 U.S.C. § 522(m) expressly gives each individual debtor the right to choose between federal and state exemptions and overrides the apparent conflict with the wording of A.R.S. § 33–1101 which would otherwise deprive an individual debtor of any such choice where his or her spouse wished to choose the alternative type of exemption.

IT IS THEREFORE ORDERED, based upon the foregoing analysis, denying the trustee's objections to the debtors' amended Schedule B–4 exemptions, and thereby allowing the debtors to each individually choose between the state or federal exemptions and tack or stack the claims of homestead for the total benefit of this joint estate.