**In re Gary A. SMITH and Christine E. Smith, husband and wife, Debtors.**

**Bankruptcy No. B–81–1739–PHX–RGM.**

United States Bankruptcy Court, D. Arizona.

Dec. 9, 1982.

Howard C. Meyers, Phoenix, Ariz., for debtors.

J. Lawrence Dunlavey, Phoenix, Ariz., for trustee.

Dawn Stoll, Phoenix, Ariz., for Valley Nat. Bank.

ORDER DETERMINING ALLOWANCE OF DEBTORS' CLAIMED EXEMPTIONS ON PERSONAL PROPERTY

ROBERT G. MOOREMAN, Bankruptcy Judge.

This matter involving debtors' claimed exemptions comes before the court on the question of allowable exemptions when married debtors file a joint petition in bankruptcy on a severable basis. Both the Trustee and Valley National Bank object to the debtors' claim of exemptions, and a hearing on this matter *inter alia* was held on March 2, 1982. At that time, the parties stipulated as to the allowable exemption on the real property. The remaining matters were then taken under advisement. Subsequently, the debtors withdrew their concession regarding the real property in a memorandum filed on March 12, 1982, to which

Valley National has responded. The court has now fully considered all pleadings, exhibits and memoranda pertinent to the issues and holds and concludes as follows:

IT IS HEREBY ORDERED granting the debtors individual or "double" exemptions on items of personal property claimed exempt. With respect to the granting of individual or "double" exemptions on the realty, this court declines to render a decision based on the facts set forth in the latter portion of this order.

In conjunction with the above, the court finds the following facts supported herein by the record and evidence as stipulated and found to be not in dispute by the parties:

Gary A. Smith and Christine E. Smith are husband and wife. They filed their voluntary joint petitions which constitute an order for relief under Chapter 11 on July 29, 1981, and thereafter the matter was converted to a Chapter 7 liquidation by order dated November 17, 1981. On or about August 25, 1981, and within the time prescribed under the rules (Rule 1002(c), Local Bankruptcy Rules for the District of Arizona), debtors filed their Statement of Financial Affairs and Statement of Liability and Assets. The B-4 Schedule (Property Claimed as Exempt) to the Statement of Liability and Assets specifically lists various personal property exemptions and a homestead exemption pursuant to the relevant Arizona statutes. The Schedule reflects: "The above exemptions are being claimed jointly by the debtors and severally by each of them."

Counsel for the debtors takes the position that the United States Bankruptcy Code mandates that exemptions apply separately with respect to each debtor in a joint case pursuant to 11 U.S.C. § 522(m). The Trustee and Valley National Bank, however, in support of their objections, rely on A.R.S. § 33–1121.1 which states:

> "Debtor" means an individual or marital community utilizing property described in this article for personal or family use.

and A.R.S. § 33–1101.C which states:

> Only one homestead may be claimed by a married couple or a single person under the provisions of this section. The value as specified in this section refers to the equity of a single person or married couple claiming the homestead.

## I. THE PERSONAL PROPERTY EXEMPTIONS

Prior to July 31, 1980, Arizona debtors were allowed to "stack" both federal and state exemptions in a joint petition. See *In re Ageton,* 14 B.R. 833 (Bkrtcy.App. Panel, 9th Cir., 1981) and *In re Morrison,* 13 B.R. 815 (Bkrtcy.D.Ariz.1981).

Effective July 31, 1980, and pursuant to 11 U.S.C. § 522(b)(1), Arizona elected to "opt out" of the federal exemptions by enacting A.R.S. § 33–1133.B., which provides as follows:

> Notwithstanding subsection A, in accordance with 11 U.S.C. § 522(b) residents of this state are *not* entitled to the federal exemptions provided by 11 U.S.C. § 522(d). (Emphasis added.)

Two relevant provisions of the Bankruptcy Code, which remain unaffected by the Arizona legislation "opting out" of the "laundry list" of exemptions under 11 U.S.C. § 522(d), are 11 U.S.C. § 522(m) which provides that the section shall apply separately with respect to each debtor in a joint case, and 11 U.S.C. § 101(12) which defines debtor as a person. The Arizona legislature enacted A.R.S. § 33–1133.B. which expressly acknowledges that the only portion of 11 U.S.C. § 522 affected is subsection (d) which enumerates certain kinds of property. Thus Arizona's specific exemption entitlements are substituted for the § 522(d) exemptions, but no authority beyond that is granted by the federal statute. The court finds and concludes that permitting the states to "opt out," Congress merely permitted the states to substitute these specific exemption entitlements under state law for those set forth in § 522(d). The permission to substitute state law exemptions for federal is stated in 11 U.S.C. § 522(b) which reads:

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—
(1) property that is specified under subsection (d) of this section, *unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize, or, in the alternative,* . . . (Emphasis added.)

 It is clear that since the enactment of A.R.S. § 33–1133.B. joint debtors may not now "stack" federal and state exemptions by one individual debtor taking the federal exemption while the other individual debtor takes the state exemption; however, there has been no change in either the federal or the state law which prevents each individual debtor from claiming the state personal property exemptions. "It cannot be fairly argued that it was the intent of Congress to discriminate against debtors in community property states, which require joinder in claiming exemptions. . . . [E]xemption rights are personal to each individual debtor. . . . [N]o congressional intent could be found to justify granting joint petitioners any less than individual petitioners." *In re Morrison, supra,* at 817. In addressing the availability of individual personal property exemptions for each debtor in a joint petition, the conclusion is that debtors in states which have "opted out" of the federal exemptions may "stack" personal property state statutory exemption amounts. *In re Ferguson,* 15 B.R. 439 (Bkrtcy.D.Colo.1981). Since Arizona has "opted out" of the federal exemptions, the court therefore finds and concludes that this record supports the granting of relief sought by debtors and that they each may individually and severally claim the listed personal property exemptions pursuant to the relevant Arizona personal property exemption statutes listed in debtors' schedules, pursuant to 11 U.S.C. § 522(b)(1), and pursuant to A.R.S. § 33–1133.B.

## II. THE REAL PROPERTY

The real property involved is described as:

Lot 19, Coronado Foothills, Unit 1, Book 118 of Maps, page 17, records of Maricopa County, Arizona. Also known as 4702 East Lincoln Drive, Paradise Valley, Arizona 85253.

Valley National Bank and the Trustee object to the debtors' claim of joint and several exemptions which would result in the doubling of the homestead exemption. However, on July 26, 1982, the Trustee filed his Application for Order Authorizing Sale of Property at Court with Proceeds Subject to Liens to the debtors for $25,000, an amount offered for the Trustee's interest in the said real estate. The court granted the Trustee's application, and the sale was noticed out to all creditors and interested parties. Western Savings and Loan, one of the lienholders on the realty, filed its response, indicating no objection to the proposed sale to the debtors. At the September 2, 1982, Trustee's Sale, the debtors bid $25,000 and no higher bids were made. On October 18, 1982, the Trustee made application for order confirming the sale of the above-described real estate sold at court, to the debtors for $25,000 and on the same date, the court confirmed the sale.

 In light of the sale of the property to the debtors, this court determined it is unnecessary to rule on the issue of a double homestead exemption claim in this case under the facts as they presently exist unless requested to do so in later proceedings.

Pursuant to F.R.Civ.P. 52, as adopted by Rule 752 of the Rules of Bankruptcy Procedure, this order shall constitute findings of fact and conclusions of law herein, and pursuant to B.R. 921(a), a separate final judgment should be lodged in accordance therewith by the parties.